154

In my opinion United States v. Chemical Foundation and Cummings v. Deutsche Bank are dispositive of the issue involved in the case at bar.

█ The claimant's contention here narrows down to the proposition that the Custodian cannot exercise his valid powers simply because the subject matter of the seizure was already the subject of litigation brought by the United States.

To sustain such a contention would be to nullify the intent of the Congress as declared in the Trading with the Enemy Act.

For the reasons stated, I am of the opinion that the orders prayed for in the petition of the Alien Property Custodian should be granted, and that the motions of the claimant should be denied.

An order may be submitted in accordance with this opinion.

**UNITED STATES of America, Libellant, v. The Vessel SANTA ROSA, Her Engines, Boilers and Machinery, Tackle, Apparel, Furniture and Equipment; A. T. Rosasco, Claimant.**

**No. 67 of 1941.**

District Court, E. D. Pennsylvania.

March 8, 1943.

A. Matt. Werner, General Counsel to Alien Property Custodian, George A. McNulty, Chief, Alien Property Unit, and Albert Parker, Atty., Alien Property Unit, all of Washington, D. C., for petitioner.

Homer L. Loomis (of Loomis & Williams), of New York City, for claimant.

KALODNER, District Judge.

The orders prayed for in the petition of the Alien Property Custodian should be granted and the motions of the claimant should be denied.

See opinion filed this day in United States of America v. The Vessel Antoinetta, D.C., 49 F.Supp. 148.

An order may be submitted in accordance with the above.

**UNITED STATES of America, Libellant, v. The Vessel MAR GLAUCO, Her Engines, Boilers and Machinery, Tackle, Apparel, Furniture and Equipment; Mariano Maresca & Company, Claimant.**

**No. 69 of 1941.**

District Court, E. D. Pennsylvania.

March 8, 1943.

KALODNER, District Judge.

The orders prayed for in the petition of the Alien Property Custodian should be granted and the motions of the claimant should be denied.

See opinion filed this day in United States of America v. The Vessel Antoinetta, D.C., 49 F.Supp. 148.

An order may be submitted in accordance with the above.

**UNITED STATES of America, Libellant, v. The Vessel BELVEDERE, Her Engines, Boilers and Machinery, Tackle, Apparel, Furniture and Equipment; Italia Societa Anonima Di Navigazione, Claimant.**

**No. 71 of 1941.**

District Court, E. D. Pennsylvania.

March 8, 1943.

A. Matt. Werner, Gen. Counsel to Alien Property Custodian, George A. McNulty, Chief, Alien Property Unit, and Albert Parker, Atty., Alien Property Unit, all of Washington, D. C., for petitioner.

Homer L. Loomis (of Loomis & Williams), of New York City, for claimant.

KALODNER, District Judge.

The orders prayed for in the petition of the Alien Property Custodian should be granted and the motions of the claimant should be denied.